UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JULIA SHER,<br>    Plaintiff<br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br>    Defendant | ) CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The Plaintiff, JULIA SHER ("SHER"), by and through her undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. SHER brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. SHER was, at all times relevant, a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey that is authorized to transact and is transacting business in the Commonwealth of Massachusetts.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant,

PRUDENTIAL, is authorized to and is doing business within the Commonwealth of Massachusetts and "may be found" in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to SHER.

6. SHER, at all times material, was an employee of or former employee of FirstEnergy Service Company ("FirstEnergy").

7. SHER was at all times material a plan participant under the FirstEnergy Long Term Disability Insurance Plan, Group Contract Number G-53191-OH (the "LTD Plan"), which is a long term disability insurance policy issued by PRUDENTIAL to FirstEnergy, the contract holder. Pursuant to LTD Plan G-53191-OH, SHER is entitled to benefits. A copy of the LTD Plan is attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. PRUDENTIAL is the insurer of benefits under the LTD Plan and is the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claim's determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

11. PRUDENTIAL is the fiduciary charged with making benefit determinations under the LTD Plan including the determinations made on SHER's claim.

12. Pursuant to the terms and conditions of the LTD Plan, SHER is entitled to LTD benefits for the duration of her disability, or until age 67, as long as she remains disabled as

defined by the LTD Plan.

13. According to the LTD Plan, disability is defined as follows:

> **How Does Prudential Define Disability?**
>
> You are disabled when Prudential determines that:
>
> - you are unable to perform the *material and substantial duties* of your *own occupation* for any employer in your local economy due to your *sickness* or *injury*; and
> - you are under the *continuing care* of a *doctor*; and
> - you have a 20% or more loss in your *monthly earnings* due to that sickness or injury.
>
> After 18 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:
>
> - you are unable to perform the duties of any *gainful occupation* in your local economy for which you are reasonably fitted by education, training or experience; and
> - you are under the continuing care of a doctor.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.
>
> Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:
>
> - your doctors; and
> - doctors, other medical practitioners or vocational experts of our choice.

14. At all relevant times, SHER complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately August 25, 2020, SHER has been disabled under the terms of the LTD Plan.

16. Since approximately August 25, 2020, SHER has been unable to perform the material and substantial duties of her regular occupation due to sickness or injury.

17. Since approximately August 25, 2020, SHER has been under the regular care of a doctor.

18. Since approximately August 25, 2020, SHER has had a 20% or more loss in his monthly earnings due to that sickness or injury.

19. Since approximately August 25, 2020, due to sickness or injury, SHER has been unable to

perform the duties of any gainful occupation for which she is reasonably fitted by education, training or experience.

20. At all relevant times, SHER was a Covered Person under the LTD Plan.

21. Following the elimination period, SHER made a claim to PRUDENTIAL under the LTD Plan for disability benefits.

22. PRUDENTIAL initially found SHER to be disabled and paid benefits through February 2022, at which time her claim was denied.

23. Following an appeal, benefits were reinstated and paid out through the 18-month own occupation period and, thereafter, approved under the any occupation definition.

24. By letter dated May 9, 2024, PRUDENTIAL denied SHER's claim for continued LTD benefits beyond May 31, 2024, alleging SHER no longer satisfied the definition of disability of the policy.

25. SHER timely and properly submitted an appeal of PRUDENTIAL's May 9, 2024, denial.

26. By letter May 16, 2024, PRUDENTIAL affirmed its previous decision to deny SHER's claim for LTD benefits beyond August 31, 2023.

27. SHER timely and properly submitted an appeal of PRUDENTIAL's May 16, 2024 denial.

28. By letter January 31, 2025, PRUDENTIAL affirmed its previous decisions to deny SHER's claim for continued LTD benefits and advised SHER she could file a lawsuit.

29. Since April 1, 2024, SHER has not received benefits owed to her under the LTD Plan despite SHER's right to these benefits.

30. PRUDENTIAL has refused to pay SHER's claim for LTD benefits as of April 1, 2024.

31. At all relevant times, PRUDENTIAL was the payer of benefits.

32. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

33. At all relevant times, PRUDENTIAL was the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

34. At all relevant times, SHER has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

35. SHER has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

36. SHER incorporates Paragraphs 1 through 35 as if fully set forth herein.

37. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

38. Pursuant to 29 U.S.C. §1132(a)(1)(B), SHER, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

39. SHER has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of PRUDENTIAL's failure to pay her continued disability benefits.

40. SHER has exhausted all required administrative remedies under the LTD Plan.

41. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to SHER at a time when PRUDENTIAL knew, or should have known, that SHER was entitled to those benefits under the terms of the LTD Plan, as SHER was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of SHER'S claim for LTD benefits;

    (c) After SHER'S claim was terminated in whole or in part, PRUDENTIAL failed to adequately describe to SHER any additional material or information necessary for SHER to perfect her claim along with an explanation of why such material is or was necessary.

    (d) PRUDENTIAL failed to properly and adequately investigate the merits of SHER'S disability claim and failed to provide a full and fair review of SHER'S claim.

42. SHER believes, and thereon alleges, that PRUDENTIAL wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which SHER is presently unaware, but which may be discovered in this future litigation and which SHER will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by SHER.

43. Following the termination of benefits under the LTD Plan, SHER exhausted all administrative remedies required under ERISA, and SHER has performed all duties and obligations on her part to be performed under the LTD Plan.

44. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, SHER has damages for loss of disability benefits in a total sum to be shown at the time of trial.

45. As a further direct and proximate result of this improper determination regarding SHER's claim for benefits, SHER, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SHER is entitled to have such fees and costs paid by PRUDENTIAL.

46. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist. Therefore, SHER is entitled to enforce his rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, JULIA SHER prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 31, 2025

**DELL DISABILITY LAWYERS**
Attorneys for Plaintiff
2625 Weston Road
Weston, FL 33331
Telephone: (954) 620-8300

*S/ Jay P. Symonds*
**JAY P. SYMONDS**
BBO No: 637972
Email: jay@diattorney.com
**GREGORY M. DELL**
BBO No: 677565
Email: gdell@diattorney.com